IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STATE FARM LIFE INSURANCE
COMPANY,

      *Plaintiff,*

vs.

MONICA ELIZABETH ROMERO

and

NANCY GUARDADO ROMERO,

      *Defendants.*

Case No. 23-CV-2323-EFM-GEB

**MEMORANDUM AND ORDER**

Plaintiff State Farm Life Insurance Company ("State Farm") brings this interpleader action to determine the rights of Defendants Monica Romero and Nancy Romero as to the proceeds of a life insurance policy issued to Bernardo Romero. This matter comes before the Court on State Farm's Motion to Deposit Policy Benefit into the Court's Registry and for Interpleader Relief (Doc. 15). For the reasons discussed below, the Court grants in part and denies in part State Farm's motion.

**I.    Factual and Procedural Background**

On April 29, 2013, State Farm issued a life insurance policy to Bernardo Romero with a policy benefit of $50,000 (the "Policy"). The Policy was executed in Wichita, Kansas. Bernardo passed away on November 22, 2021. On the date of his death, State Farm's records showed

Monica Romero, Bernardo's reported spouse, as the Primary Beneficiary and Nancy Romero, Bernardo's reported sister, as the Successor Beneficiary. However, Bernardo and Monica possibly divorced in the time between the issuance of the Policy and Bernardo's death. Kansas law revokes a spouse's rights to life insurance proceeds upon divorce.[1]

About a month after Bernado's passing, State Farm started a claim for the Policy benefit, with a report from the Bernardo's family that Monica is now a former spouse living somewhere in Mexico. On April 3, 2023, Nancy Romero filed a claim with State Farm for the Policy benefit as the Successor Beneficiary.

State Farm commenced this interpleader action on July 25, 2023, on the basis that both Monica and Nancy have potentially competing claims to the entire $50,000 Policy benefit. In addition to filing its Complaint, State Farm filed a Declaration for Service by Publication, which states that State Farm hired an outside vendor to locate Monica and the vendor could not locate her in either the United States or Durango, Mexico, where she was known to travel. On July 27, the Court issued a summons for Nancy, via text entry, and counsel entered his appearance for her on August 7. Nancy filed her Answer on August 24. State Farm then filed its Return of Service on Publication as to Monica after publishing for three consecutive weeks in the Wichita Eagle and Kansas City Star. To date, Monica has not appeared or filed an Answer to State Farm's Complaint.

State Farm now moves to deposit the Policy benefit in the Court's registry and for interpleader relief under 28 U.S.C. § 1335. Nancy responded to State Farm's motion stating that she does not object to depositing the Policy benefit into the Court's registry, but she does object

---

[1] K.S.A. § 59-105(b)(1).

to State Farm's dismissal from the case because the Court does not have personal jurisdiction over Monica.

## II.     Analysis

**A.     State Farm may deposit the Policy Benefit into the Court's Registry.**

Under Fed. R. Civ. P. 67(a), a party may deposit a sum of money with the Court, "whether or not that party claims any of it," if any part of the sought-after relief involves disposition of the sum of money.[2]  Here, State Farm disclaims any interest in the Policy benefit and requests the Court's determination as to whether Monica or Nancy is entitled to it.  Therefore, the Court grants Plaintiff leave to deposit the Policy benefit and any interest applicable under law with the Court's registry.

**B.     State Farm has not properly served Monica Romero, and therefore the Court will not dismiss it from this case.**

"Interpleader is a statutory remedy that offers 'a party who fears being exposed to the vexation of defending multiple claims to a limited fund or property that is under his control a procedure to settle the controversy and satisfy his obligation in a single proceeding.'"[3]  Under 28 U.S.C. § 1335, a plaintiff may bring such action if it has (1) an identifiable stake, or res, valued at $500 or more (2) against which two or more adverse claimants of diverse citizenship claim or may claim ownership.[4]  When these requirements are met, a court may discharge the interpleader plaintiff of any further liability, dismiss the interpleader plaintiff from the action, and enjoin the

---

[2] *See also In re Millenium Multiple Emp. Welfare Ben. Plan*, 772 F.3d 634, 640 (10th Cir. 2014); *Primerica Life Ins. Co. v. Frantz*, 371 F. Supp. 3d 960, 963-64 (D. Kan. 2019).

[3] *In re Millenium Multiple Employer*, 772 F.3d at 639 (quoting 7 Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure § 1704 (3d ed. 2001)).

[4] *Id*.

interpleader defendants from continuing or bringing any action against the interpleader plaintiff regarding the competing property.[5]

State Farm argues that interpleader relief is warranted because both Nancy and Monica have competing claims to the entire Policy benefit. In addition, State Farm asserts that Nancy and Monica are diverse because Nancy is a Kansas citizen and Monica's location is unknown. Nancy agrees that she and Monica are diverse, adverse claimants. She argues, however, that interpleader relief is premature because Monica was not properly served. According to Nancy, Monica likely resides somewhere in Mexico, and thus the Court must serve her by publication under 28 U.S.C. § 1655.

Generally, service of process in a statutory interpleader case may be obtained through 28 U.S.C. § 2361, which allows nationwide service of process on the adverse claimants.[6] Section 2361 does not apply, however, to claimants who cannot be found or are absent from the country.[7] In those circumstances, various federal courts have applied an *in rem* service statute, 28 U.S.C. § 1655, to effectuate service.[8] Section 1655 provides that in an action to enforce a lien upon or claim to, or remove a lien upon or cloud upon the title to real or personal property, the district court may order an absent defendant to appear or plead by a certain day. If personal service is not practicable, the absent defendant may be served by publication as the court directs at least once a

---

[5] *Id.* (citing 28 U.S.C. § 2361)).

[6] 7 Wright, et. al, Federal Practice & Procedure § 1711.

[7] *Id.*

[8] *Id*; *see also United States v. Estate of Swan*, 441 F.2d 1082, 1085 (5th Cir. 1971) ("Where, as here, the property is located within the district in which the District Court sits, the action may also fall within that class of actions defined by [§] 1655."); *Bache Halsey Stuart Shields Inc. v. Garmaise*, 519 F. Supp. 682, 686 (S.D.N.Y. 1981); *Fidelity & Guar. Life Ins. Co. v. Freeman*, 94 F. Supp. 2d 689, 691 (D. Mad. 2000) (citations omitted).

week for six consecutive weeks.[9]  If the absent defendant does not appear or plead by the court's deadline, the court may proceed as if the defendant was served within the state.[10]  Any adjudication, however, only affects the subject property.[11]  In addition, a defendant may enter an appearance and set aside the judgment at any time within one year after final judgment.[12]

State Farm agrees that courts have allowed the use of § 1655 in interpleader actions but argues that it is not the only way to effectuate service in this case.  According to State Farm, its service on Monica by publication complies with Rule 4(e) and K.S.A. § 60-307.[13]  The Court, however, disagrees.  Rule 4(e) allows service on an individual within a judicial district of the United States.  The filings in this case indicate that Monica traveled to Durango, Mexico, and thus could be living there.  Monica therefore cannot be served under Rule 4(e) because she likely is not located in a judicial district in the United States.

In the alternative, State Farm asks the Court to retroactively approve service under Rule 4(f)(3).  This Rule allows for service on an individual outside of the United States by "means not prohibited by international agreement, if the Court orders."[14]  Here, State Farm did not obtain prior authorization to serve Monica via publication and thus did not comply with the Rule.  Furthermore, the Court declines to retroactively approve State Farm's service by publication.  Although the

---

[9] 28 U.S.C. § 1655.

[10] *Id*.

[11] *Id*.

[12] *Id*.

[13] K.S.A. § 60-307 allows service by publication (1) when the defendant is a not a Kansas resident, (2) the plaintiff, after exercising due diligence, was unable to serve a summons upon the defendant in Kansas and (3) the requested relief consists wholly or partly in excluding the defendant from any interest in the property. K.S.A. § 60-307(a)(3)(B).

[14] Fed. R. Civ. P. 4(f)(3).

Tenth Circuit has not addressed the issue, the Ninth and Eleventh Circuits have both denied a retroactive application of Rule 4(f)(3) to approve a plaintiff's attempt at service.[15]

Recognizing that the Court may not approve of its service on Monica under Rule 4, State Farm alternatively requests that it be allowed to effectuate service by publication under § 1655. State Farm further asks that it only be required to publish for three weeks instead of six because three weeks of publication have already occurred.

The Court grants State Farm's request to serve Monica under § 1655. The statute's requirements are met because State Farm will be depositing the entire policy benefit into the Court's registry, and personal service upon Monica is not practicable. However, it denies State Farm's request to only publish for three weeks. Section 1655 requires six *consecutive* weeks of publication, and State Farm's request does not take this requirement into account.

Accordingly, the Court will issue the attached Notice and Order requiring Monica to appear or plead to the Complaint by a date certain. If Monica fails to do so, the Court will adjudicate this action as if she was served with process in the State of Kansas. State Farm must publish a copy of the attached Notice and Order once a week for six consecutive weeks in the Wichita Eagle and a newspaper published in Durango, Mexico.

Finally, the Court addresses State Farm's request for costs and attorneys' fees. The Court has discretion to award attorneys' fees and costs in an interpleader action.[16] "The Tenth Circuit

---

[15] *De Gazelle Grp., Inc. v. Tamaz Trading Establishment*, 817 F.3d 747, 750-51 (11th Cir. 2016); *Brockmeyer v. May*, 383 F.3d 798, 806 (9th Cir. 2004).

[16] *Irwin v. Principal Life Ins. Co.*, 404 F. Supp. 2d 1271, 1278 (D. Kan. 2005) (citing *Nat'l Amateur Bowlers, Inc. v. Tassos*, 715 F.Supp. 323, 326 (D.Kan.1989); *Albanese v. Pfizer, Inc.*, 1996 WL 225200, at *1-3 (D. Kan. Mar. 22, 1996); *Transamerica Premier Ins. Co. v. Growney*, 1994 WL 409569, at *2 (D. Kan. Aug. 1, 1994), *aff'd.*, 70 F.3d 123, 1995 WL 675368 (10th Cir.1995)).

has recognized the 'common practice' of reimbursing an interpleader plaintiff's litigation costs out of the fund on deposit with the court."[17] Attorneys' fees are generally awarded to an interpleader plaintiff who is "[1] disinterested, i.e., does not claim any right to the fund, [2] concedes its liability in full, [3] deposits the fund in court, [4] seeks discharge, and [5] does not appear to the court to be culpable."[18]  A "culpable" interpleader plaintiff is one who is responsible for causing controversy over the disputed fund.[19]

Here, State Farm is disinterested, concedes its liability in full, and is not a culpable interpleader plaintiff.  It has not yet, however, deposited the Policy benefit in the Court's registry, and the Court denies its request for discharge because Monica has not been properly served. Accordingly, the Court cannot grant State Farm's request for costs and attorneys' fees at this time. It may, however, seek this relief after depositing the funds with the court, serving Monica under § 1655, and once again moving for discharge under § 1335.

**IT IS THEREFORE ORDERED** that State Farm's Motion to Deposit Funds and for Interpleader Relief (Doc. 15) is **GRANTED IN PART AND DENIED IN PART**.  The Court grants State Farm's request to deposit the Policy benefit into the Court's registry.  The Court denies State Farm's request for interpleader relief without prejudice.  After State Farm serves Monica Romero in accordance with this Order under 28 U.S.C. § 1655, State Farm may once again move for interpleader relief.

---

[17] *State Farm Life Ins. Co. v. Weber*, 2020 WL 5761549, at *7 (D. Kan. Sept. 28, 2020) (quoting *Am. Home Life Ins. Co. v. Barber*, 2003 WL 21289986, at *3 (D. Kan. May 16, 2003)).

[18] *Growney*, 1994 WL 409569, at *2.

[19] *United Bank of Denver, Nat. Ass'n v. Oxford Properties, Inc.*, 683 F. Supp. 755, 757 (D. Colo. 1988).

**IT IS FURTHER ORDERED** that State Farm shall deposit into the Court's registry the entire proceeds of the Policy ($50,000), the death benefit, plus any applicable interest that has accrued under K.S.A. § 40-447, the Policy itself, or other applicable law to the date of the deposit. Upon the deposit of funds, the Clerk is ordered to deposit the funds in a money market account or other instrument at the prevailing rate of interest at a federally approved financial institution. The initial investment is subject to the collateral provisions of Treasury Circular 176. The Clerk shall deduct the administrative registry fee, set by the Director of the Administrative Office of the U.S. Courts, at 10 percent of the interest earned or as indicated based on the amount and time of the deposit into the Court, without further order of the Court. Said fee is authorized by the Judicial Conference of the United States.

**IT IS FURTHER ORDERED** that State Farm shall run the attached Notice and Order in the Wichita Eagle and a newspaper published in Durango, Mexico once a week for six consecutive weeks, to begin within three weeks of the date of this Order to serve Monica Romero.

**IT IS FURTHER ORDERED** that State Farm is entitled to its reasonable attorneys' fees and costs associated with filing this interpleader action, which it may recover only by following the procedures outlined in Federal Rule of Civil Procedure 54 and D. Kan. Rule 54.2.

**IT IS SO ORDERED**.

Dated this 22nd day of February, 2024.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE