## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

STATE FARM LIFE INSURANCE
COMPANY,

        *Plaintiff,*

 vs.

MONICA ELIZABETH ROMERO

and

NANCY GUARDADO ROMERO,

        *Defendants.*

Case No. 23-CV-2323-EFM-GEB

## MEMORANDUM AND ORDER

Plaintiff State Farm Life Insurance Company ("State Farm") brings this interpleader action to determine the rights of Defendants Monica Romero and Nancy Romero as to the proceeds of a life insurance policy issued to Bernardo Romero.  This matter comes before the Court on (1) State Farm's Second Motion to Deposit Policy Benefit into the Court's Registry and for Interpleader Relief and Memorandum in Support (Doc. 36); and (2) Defendant Nancy Romero's Motion for Default Judgment against Defendant Monica Romero (Doc. 34).  For the reasons stated below, the Court grants the parties' motions.

### I.      Factual and Procedural Background

On April 29, 2013, State Farm issued a life insurance policy to Bernardo Romero with a policy benefit of $50,000 (the "Policy").  The Policy was executed in Wichita, Kansas.  Bernardo

passed away on November 22, 2021.  On the date of his death, State Farm's records showed Monica Romero, Bernardo's reported spouse, as the Primary Beneficiary and Nancy Romero, Bernardo's reported sister, as the Successor Beneficiary.  However, Bernardo and Monica possibly divorced in the time between the issuance of the Policy and Bernardo's death.  Kansas law revokes a spouse's rights to life insurance proceeds upon divorce.[1]

About a month after Bernardo's passing, State Farm started a claim for the Policy benefit, with a report from the Bernardo's family that Monica is now a former spouse living somewhere in Mexico.  On April 3, 2023, Nancy filed a claim with State Farm for the Policy benefit as the Successor Beneficiary.  State Farm then filed a Complaint for Interpleader with this Court on July 25, 2023, requesting to deposit the funds owed under the Policy into the Court's Registry and for interpleader relief.

On February 22, 2024, the Court issued an Order granting State Farm's request to deposit the funds into the Court's Registry, but it denied State Farm's request for interpleader relief without prejudice because Monica was not properly served.  The Court ordered State Farm, pursuant to 28 U.S.C. § 1665, to run the Notice and Order in the Wichita Eagle and a newspaper published in Durango, Mexico, once a week for six consecutive weeks to begin March 14, 2024.  The Court also awarded State Farm reasonable attorneys' fees and costs associated with filing the interpleader action.

 State Farm deposited the Policy proceeds into the Court's registry on March 14, 2024. On about April 23, State Farm notified the Court that it served Monica as required by the Court's

---

[1] K.S.A. § 59-105(b)(1).

February 22, 2024 Order.  Monica was given until May 9, 2024, to appear, answer, or file a responsive pleading to the Interpleader Complaint.  She did not appear.

On May 13, 2024, Nancy filed an Application for Clerk's Entry of Default Judgment, which the deputy clerk entered on May 14.  Nancy then moved for default judgment and for disbursement of the policy proceeds according to interpleader law.  On May 30, State Farm filed its Second Motion to Deposit Policy Benefit into the Registry of the Court and For Interpleader Relief.  In addition to requesting interpleader relief, State Farm asks the Court to disburse the attorneys' fees and costs the Court awarded it in its February 22, 2024 Order.  The parties subsequently conferred regarding State Farm's request for attorneys' fees and costs pursuant to Fed. R. Civ. P. 54 and D. Kan. Rule 54.2(a).  Based on the Joint Stipulation filed on June 18, the parties agreed that State Farm would receive $17,000 in attorneys' fees and costs.

## II.      Analysis

### A.      Plaintiff State Farm's Second Motion to Deposit Policy Benefit into the Registry of the Court and For Interpleader Relief (Doc. 36)[2]

State Farm asks the Court to grant it interpleader relief pursuant to 28 U.S.C. § 1355.  "Interpleader is a statutory remedy that offers 'a party who fears being exposed to the vexation of defending multiple claims to a limited fund or property that is under his control a procedure to settle the controversy and satisfy his obligation in a single proceeding.'"[3]  Under 28 U.S.C. § 1335, a plaintiff may bring such action if it has (1) an identifiable stake, or res, valued at $500 or more

---

[2] The Court notes that State Farm has already deposited the Policy Benefit into Court's registry.  Therefore, the Court will only address State Farm's request for interpleader relief and for disbursement of its attorneys' fees and costs from the interpleaded funds.

[3] *In re Millenium Multiple Employer*, 772 F.3d 634, 639 (10th Cir. 2014) (quoting 7 Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure § 1704 (3d ed. 2001)).

(2) against which two or more adverse claimants of diverse citizenship claim or may claim ownership.[4]  When these requirements are met, a court may discharge the interpleader plaintiff of any further liability, dismiss the interpleader plaintiff from the action, and enjoin the interpleader defendants from continuing or bringing any action against the interpleader plaintiff regarding the competing property.[5]

Here, State Farm has met the requirements of § 1355 and therefore is entitled to interpleader relief.  Defendants Nancy and Monica are adverse, diverse claimants of the Policy benefit.  State Farm has properly served both Defendants, including Monica whose location is unknown.  Additionally, State Farm has deposited the Policy proceeds into the Court's registry in compliance with the Court's Order dated February 22, 2024.  Therefore, the Court will discharge State Farm of any further liability related to the Policy, dismiss State Farm from the action, and enjoin Defendants Nancy and Monica from continuing or bringing any action against State Farm regarding the Policy.

State Farm also asks the Court to disburse the attorneys' fees and costs associated with this action that the Court awarded in its February 22, 2024 Order.[6]  The parties have stipulated that State Farm will receive $17,000 in attorneys' fees and costs.  Therefore, the Court will order the Clerk of the Court to pay State Farm $17,000 from the interpleaded funds in the Court's registry.

---

[4] *Id.*

[5] *Id.* (citing 28 U.S.C. § 2361).

[6] The Court has discretion to award attorneys' fees and costs in an interpleader action.  *Irwin v. Principal Life Ins. Co.*, 404 F. Supp. 2d 1271, 1278 (D. Kan. 2005) (citing *Nat'l Amateur Bowlers, Inc. v. Tassos*, 715 F. Supp. 323, 326 (D. Kan.1989); *Albanese v. Pfizer, Inc.*, 1996 WL 225200, at *1-3 (D. Kan. Mar. 22, 1996); *Transamerica Premier Ins. Co. v. Growney*, 1994 WL 409569, at *2 (D. Kan. Aug. 1, 1994), *aff'd.*, 70 F.3d 123, 1995 WL 675368 (10th Cir.1995)).

Accordingly, the Court grants State Farm's Second Motion to Deposit Policy Benefit into the Registry of the Court and For Interpleader Relief.

**B.      Defendant Nancy Romero's Motion for Default Judgment (Doc. 34)**

Having determined that State Farm is entitled to interpleader relief, the Court now addresses Nancy's right to the interpleaded funds.[7]  Nancy moves for an entry of default judgment against Monica and for disbursement of the Policy proceeds in Nancy's favor.  After the Clerk's entry of default judgment, the Court may enter default judgment against a party who fails to plead or otherwise defend a lawsuit.[8]  "Interpleader defendants can utilize Rule 55 when other parties fail to defend."[9]  "The failure of a named interpleader defendant to answer the interpleader complaint and assert a claim to the res can be viewed as forfeiting any claim of entitlement that might have been asserted."[10]  When default judgment is entered against a claimant in an interpleader action, that party's interest in the fund at issue is terminated.[11]

State Farm served Monica pursuant to 28 U.S.C. § 1335 by publication in the Wichita Eagle and a newspaper published in Durango, Mexico, once a week for six consecutive weeks beginning March 14, 2024.  Monica failed to appear or otherwise plead in this action, and the time to do so has expired.  Therefore, the Court may enter default judgment against Monica under Rule

---

[7] *See Eighth & Jackson Inv. Grp. v. Kaw Valley Bank*, 2013 WL 183753, at *2 (D. Kan. Jan. 17, 2013) (stating that an interpleader action involves two stages: the first is determining whether the interpleader relief is proper, and the second is determining the claimants' respective rights to the interpleaded funds) (quotation and citation omitted).

[8] Fed. R. Civ. P. 55.

[9] *Life Ins. Co. of Am. v. Jenkins-Dyer*, 2009 WL 1559778, at *1 (D. Kan. May 29, 2009).

[10] *Id*. (citations omitted).

[11] *State Farm Life Ins. Co. v. Weber*, 2021 WL 719066, at *1 (D. Kan. Feb. 24, 2021) (quoting *State Farm Mut. Auto. Ins. Co. v. Wagnon*, 1992 WL 64883, at *1 (10th Cir. 1992)).

55(b).[12]  Furthermore, because Monica cannot claim a right to the Policy proceeds, the Court will disburse them to Nancy, minus the $17,000 State Farm is entitled to in reasonable attorneys' fees and costs.  Accordingly, the Court grants Nancy's Motion for Default Judgment.

**IT IS THEREFORE ORDERED** that State Farm's Second Motion to Deposit Policy Benefit into the Court's Registry and for Interpleader Relief (Doc. 36) is **GRANTED**.  The Court discharges State Farm from liability under the life insurance policy of Bernardo Romero, enjoins the parties from instituting any proceeding (in this or any other court) against State Farm for the interpleaded funds due and owing under Bernardo Romero's life insurance policy, and dismisses State Farm from this action with prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court shall distribute and pay State Farm $17,000 in attorneys' fees and costs from the interpleaded funds in the Court's registry.

**IT IS FURTHER ORDERED** that Defendant Nancy Romero's Motion for Default Judgment (Doc. 34) is **GRANTED**.  Default judgment is entered against Defendant Monica Romero on State Farm's Interpleader Complaint.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall distribute and pay Defendant Nancy Romero the balance, including accrued interest, of the interpleaded funds in the Court's registry, minus the $17,000 awarded to State Farm for reasonable attorneys' fees and expenses and the Court's administrative registry fee.

---

[12] A hearing is not necessary to enter default judgment because Nancy Romero does not seek damages from Monica Romero.  *See id.* at *1 (finding a hearing was not required to enter default judgment against an interpleader defendant) (citing Fed. R. Civ. P. 55(b) and *Jenkins-Dyer*, 2009 WL 1559778, at *2).

-6-

**IT IS SO ORDERED**.  This case is closed.

Dated this 24th day of June, 2024.


ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE